IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



MOLLY S. BRAIN,

    Plaintiff,

Vs.                      Case Number: CIV-02-0578 JC LFG

HOBBY LOBBY, STORES, Inc.,

    Defendant.

## COMPLAINT FOR DAMAGES UNDER THE AMERICANS WITH DISABILITIES ACT

COMES NOW, THE PLAINTIFF, MOLLY S. BRAIN, by and through her attorney, Patrick Bingham to demand TRIAL BY JURY and to state for cause of action as follows:

1. At all times material hereto, the Plaintiff, Molly S. Brain has resided in the County of Bernalillo, State of New Mexico.

2. At all times material hereto, the Defendant, Hobby Lobby, has operated a retail store within the County of Bernalillo, State of New Mexico. Molly S. Brain was employed by Hobby Lobby at its store located at 4315 Wyoming, NE, Albuquerque, New Mexico.

3. Hobby Lobby is a nationwide chain of specialty stores which are geared toward customers who engage in home related hobbies including floral design. As such it is engaged as an industry which affects interstate commerce.

4. This court has jurisdiction over the parties hereto and the subject matter of this lawsuit.

5. On or about April 1999, Ms. Brain became employed as a floral designer for Hobby Lobby at its Wyoming, NE store.

6. In January 2002 Ms. Brain suffered a torn shoulder rotation cuff while lifting a box in the course of her employment.

7. Ms. Brain underwent surgery for to repair the torn rotator cuffs in April 2000 and June 2000.

8. After a period of rehabilitation, Ms.Brain return to work at Hobby Lobby under permanent restrictions from her doctor not to lift more than 20 pounds below her shoulder and 10 pound above her shoulder. The permanent restrictions imposed on Ms. Brain by her doctor applied to her work as well as off work activities. Ms. Brain's restrictions impressed upon her by her doctor's orders interfered with a major life activity namely her ability to lift items over her shoulder level and up to her shoulder level.

9. As such, the permanent restrictions amounted to a quantification of a medical disability which is covered under the Americans With Disabilities Act.

10. The Defendant accommodated Ms. Brain's restrictions with light duty assignments for a period of 90 days pursuant to a written corporate policy and thereafter Ms. Brain was fired on or about November 1, 2000 after the 90 day period had expired.

11. Ms. Brain filed a charge with the United States EEOC alleging discrimination based upon her age (65) at the time of her firing and alleged violation of the ADA on or about December 6, 2000.

12. The EEOC investigated her charge and on January 16, 2002 issued a letter of determination finding that reasonable cause existed to believe that the Defendant has discriminated against the plaintiff with regard to its imposition of the 90 day period of light duty accommodation and subsequent termination of Plaintiff.

13. On February 28, 2002 the EEOC mailed the Plaintiff a right to sue letter effectively exhausting her administrative remedy.

14. The Defendant's self styled 90 day accommodation period for "light duty" employees amounts to an arbitrary and intentional breach of the duty imposed upon employers under the ADA to accommodate the disabilities of employees.

15. At the time of her discharge, Molly Brain was over the age of 40 and a member of a class of persons who are protected under the Age Discrimination in Employment Act, (ADEA).

16. After her discharge, alleging on information or belief, Molly Brain was replaced by an individual who was significantly younger than she was (65) at the time of her discharge. Such acts on the part of the Defendant taken by and through its management amount to a violation of the ADEA for which monetary damages are available according to proof.

17. As a direct and proximate consequence of the Defendant's wrongful acts, the Plaintiff has suffered damages, the amount of which shall be proven at trial.

PRAYER FOR RELIEF

WHEREFORE THE PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1. For judgment in her favor and against the Defendant.

2. For an award of damages as and for back pay and front pay with interest at the lawful rate according to proof.

3. For an award of compensatory damages in an appropriate sum.

4. For an award of exemplary damages due to the arbitrary and intentional nature of the Defendant's corporate policies.

5. For an award of reasonable attorneys fees and costs of suit.

6. For any other remedy as the court deems appropriate.

Respectfully submitted,

Patrick Bingham
For Molly S. Brain
3902 A Central, SE
Albuquerque, NM  87108
505.266.5304